UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON LEE SMITH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-306-DRL-MGG |
| STATE'S ATTORNEY'S OFFICE *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Aaron Lee Smith, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Smith alleges that, in 2011, he was charged with burglary and theft offenses that he did not commit, and that his co-defendant expressed to Mr. Smith that he was willing to take the blame. Mr. Smith told his court-appointed attorney that the co-defendant was willing to take the blame, but Mr. Smith's attorney refused to talk to the co-defendant because he was represented by counsel. The attorney repeatedly

encouraged Mr. Smith to accept a plea.[1] Mr. Smith repeatedly refused, claiming he was innocent. Mr. Smith's complaint indicates he is suing two defendants, but he has listed the State's Attorney's Office, Deputy Prosecutor Kenneth Biggins, County of St. Joseph, and the State of Indiana as defendants. It is unclear if the charge remains pending, but what is clear is that Mr. Smith has not stated a claim.

Mr. Smith cannot proceed against the State of Indiana. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, but none are applicable here. *See Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005); *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999).

Similarly, the St. Joseph County Prosecutor's Office (sued as the State's Attorney's Office) is an arm of the state and thus entitled to immunity. *See Srivastava v. Newman*, 12 Fed. Appx. 369 (7th Cir. 2001) (noting that "[a]lthough no Indiana state courts have decided the issue, district courts sitting in Indiana have held that, under Indiana law, prosecutors are state officials when prosecuting criminal cases" and agreeing with the conclusion of the district courts); *see also Hendricks v. New Albany Police Dep't*, No. 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, 3 (S.D. Ind. Oct. 13, 2010) ("[S]uing

---

[1] After counsel initially encouraged Mr. Smith to accept a plea, Mr. Smith went to Illinois to see his son. While there, he was arrested on a different charge. Mr. Smith remained in Illinois for several years prior to being returned to Indiana to resolve the battery and theft charges in January 2022.

2

the Prosecutor's Office—a state agency—is akin to suing the State of Indiana itself. Thus, the doctrine of sovereign immunity precludes Plaintiff's suit.").

Likewise, Mr. Smith cannot proceed against Deputy Prosecutor Kenneth Biggins. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

That leaves only St. Joseph County. Even if someone employed by the county had violated Mr. Smith's constitutional rights (and he has made no such allegations), he could not proceed against the county. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

Mr. Smith takes issue with the conduct of only one person: the attorney appointed to represent him in his criminal case encouraged him to accept a plea agreement when Mr. Smith wanted to go to trial to prove his innocence. Mr. Smith did not sue his attorney. However, even if he had, he could not proceed. The actions of a criminal defense attorney, even an appointed public defender, are not fairly attributable to the state and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan*

3

*Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

July 13, 2022  *s/ Damon R. Leichty*
Judge, United States District Court